UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BAJA RIVER EAST, LLC, | ) Case No. 15-21282 |
| d/b/a QUAY RESTAURANT, | ) |
| | ) Honorable Janet S. Baer |
| Debtor. | ) |
| | ) |

**SECOND INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING FINAL HEARING; AND (IV) GRANTING RELATED RELIEF**

Upon the Motion of Baja River East, LLC, d/b/a Quay Restaurant ("*Debtor*"), pursuant to sections 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") requesting entry of interim and final orders (i) authorizing the use of Debtor's cash collateral, (ii) granting adequate protection to the Debtor's Secured Lenders,[1] (iii) scheduling a final hearing, and (iv) granting other related relief as necessary, the Court having previously held an initial hearing (the "*Initial Hearing*") on the Motion on July 6, 2015 and having entered an interim order (Docket No. 19; the "*First Interim Order*") granting the Motion on an interim basis and authorizing, among other things, the Debtor to use the Cash Collateral through a final hearing scheduled for July 22, 2015, the Debtor subsequently having requested entry of a second interim order (this "*Second Interim Order*") authorizing continued interim cash collateral use through a continued hearing on the Motion to be held on July 21, 2015 at 10:00 a.m. and upon all of the pleadings filed with the Court, and after due deliberation and consideration and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

---

[1] Unless otherwise indicated, capitalized terms used herein have the meanings ascribed to them in the Motion.

1. <u>Findings of Fact and Conclusions of Law Incorporated</u>. The Findings of Fact and Conclusions of Law contained in paragraphs A-G of the First Interim Order are hereby incorporated by reference herein as if fully set forth above.

2. <u>Authorization to Use Cash Collateral</u>. The Debtor is hereby authorized to use the Cash Collateral pursuant to the second interim Budget attached hereto as <u>Exhibit A</u> (the "*Budget*") through and including August 30, 2015, solely as provided in this Second Interim Order and the Budget. From and after the Petition Date, other than as specifically ordered by the Court or authorized by the Secured Lenders, proceeds of the Secured Lenders' pre-petition collateral shall not, directly or indirectly, be used to pay expenses of the Debtor except pursuant to the Budget. The Debtor shall be allowed a 15% cumulative variance, such that if actual expenses exceed the amounts set forth in the Budget by up to 15% (measured in the aggregate), the Debtor may pay such expenses without further order of the Court or authorization.

3. <u>Adequate Protection</u>.

(a) <u>Proceeds of Pre-Petition Collateral</u>. To the extent provided by section 552 of the Code, all proceeds, products, offspring, or profits of each of the Secured Lenders' pre-petition collateral, including, without limitation, proceeds, products, offspring, or profits of such collateral acquired by the Debtor's estate after the Petition Date, shall be subject to such Secured Lenders' liens, and shall also be subject to the Adequate Protection Liens.

(b) <u>Replacement and Additional Liens</u>. In addition to all existing security interests and liens granted to the Secured Lenders in and to their respective collateral, as further adequate protection for the Debtor's use of Cash Collateral on the terms and conditions of this Second Interim Order, but only to secure an amount equal to the Collateral Diminution (as hereinafter defined), the Debtor hereby grants to each Secured Lender: pursuant to sections 361(2)

and 363(e) of the Code, automatically and retroactively effective as of the Petition Date, valid, binding and properly perfected post-petition security interests and replacement additional liens on the collateral in which each such Secured Lender had a perfected security interest as of the Petition Date (the "*Adequate Protection Liens*"). As used in this Second Interim Order, the term Collateral Diminution shall have the following meaning:

> (i)    "Collateral Diminution" shall mean an amount equal to the aggregate diminution of the value of the Secured Lender's interest in the Collateral from and after the Petition Date for any reason including, without limitation, depreciation, sale, loss or use of the Collateral, including Cash Collateral, whether in accordance with the terms and conditions of this Second Interim Order or otherwise;

4.    Perfection of Liens. All liens on and security interests granted to the Secured Lenders by this Second Interim Order shall be, and they hereby are, deemed duly perfected and recorded under all applicable federal or state or other laws as of the date hereof, and no notice or other act, shall be required to effect such perfection.

5.    Priority of Liens. The Adequate Protection Liens shall be a first priority security interest and lien against the collateral they are granted upon that, on or as of the Petition Date, is not subject to valid, perfected, and non-avoidable liens and a junior security interest and lien against all of the Collateral of the Debtor that, on or as of the Petition Date, is subject to valid, perfected, and non-avoidable liens.

6.    Valid and Binding. This Second Interim Order shall constitute valid and binding obligations of the Debtor, enforceable against the Debtor and its estate in accordance with their terms.

7.    No Waiver. The rights and obligations of the Debtor and the rights, claims, liens, security interests and priorities of Secured Lenders arising under this Second Interim Order are in addition to, and not intended as a waiver or substitution for, the rights, obligations, claims,

liens, security interests and priorities that may have been granted by the Debtor to the Secured Lenders prior to the Petition Date.

8. <u>Effect of Modification of Order</u>. The Debtor may seek to modify, vacate or amend this Second Interim Order upon two (2) business days' written notice to the Secured Lenders. If any of the provisions of this Second Interim Order are hereafter modified, vacated, or stayed by subsequent order of this or any other Court, such stay, modification or vacatur shall not affect the validity of any pre-petition obligations outstanding immediately prior to the effective time of such stay, modification or vacation, or the validity and enforceability of any lien, priority, right, privilege or benefit authorized hereby with respect to any such pre-petition obligations.

9. <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Second Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any other direct, indirect or incidental beneficiary.

10. <u>Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Second Interim Order according to its terms.

11. <u>Service of Second Interim Order and Proposed Final Budget.</u> The Debtor is ordered to serve a copy of the signed Second Interim Order, along with a copy of the proposed Final Budget, by first class mail upon the Secured Lenders, the United States Trustee, the Debtor's twenty (20) largest creditors, and any party having filed a request to receive service in this Chapter 11 Case. Notice of these same parties shall be required for the Final Hearing and such notice shall be sufficient.

12.  <u>Final Hearing</u>.  A final hearing on the Motion will take place on August 25, 2015 at 10:00 a.m. at the United States Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois 60604.

Dated: 7-22-15

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

Baja River East, LLC Cash Collateral Budget

|  | 7/20-7/26 | 7/27-8/2 | 8/3-8/9 | 8/10-8/16 | 8/17-8/23 | 8/24-8/30 |
|---|---|---|---|---|---|---|
| Beginning Cash Balance | $ 28,146.12.12 | $ 28,277.37 | $ 32,908.62 | $ 37,914.87 | $ 43,838.62 | $ 48,534.87 |
| **INCOME** | | | | | | |
| Operating Income (Gross Receipts) | 25000 | 25000 | 25000 | 26000 | 23000 | 24000 |
| DIP Receipts | | | | | | |
| Total Income | $ 25,000.00 | $ 25,000.00 | $ 25,000.00 | $ 26,000.00 | $ 23,000.00 | $ 24,000.00 |
| **EXPENSES** | | | | | | |
| Advertising | | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 |
| Bank Charges | $ 200.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 |
| CC Processing Fees | $ 100.00 | $ 600.00 | $ 600.00 | $ 700.00 | $ 550.00 | $ 550.00 |
| Liability Insurance Expense | $ 600.00 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 |
| Health Insurance | $ 670.75 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 |
| Licenses & Permits | $ 130.50 | $ - | $ - | $ - | $ - | $ - |
| Payroll-Related Expenses | $ - | $ 7,000.00 | $ 7,000.00 | $ 7,000.00 | $ 6,000.00 | $ 6,000.00 |
| Music and Entertainment | $ 7,000.00 | $ 500.00 | $ - | $ - | $ - | $ - |
| Professional Fees | $ - | $ - | $ - | $ - | $ - | $ - |
| Rent | $ - | $ - | $ - | $ - | $ - | $ - |
| Bank Note | $ - | $ - | $ - | $ - | $ - | $ - |
| Repairs and | $ - | $ 300.00 | $ - | $ 300.00 | $ - | $ - |
| Maintenance Security | $ - | $ - | $ 300.00 | $ - | $ - | $ - |
| Inventory Purchases | $ 300.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 |
| Dry Goods/Supplies | $ 4,000.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 |
| Taxes | $ 200.00 | $ 2,687.50 | $ 2,687.50 | $ 2,795.00 | $ 2,472.50 | $ 2,580.00 |
| Back Taxes | $ 2,687.50 | $ - | $ - | $ - | $ - | $ 5,000.00 |
| Equipment Lease | $ 5,000.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 |
| Equipment Maintenance | $ 200.00 | $ - | $ - | $ - | $ - | $ - |
| Parking | $ - | $ - | $ 125.00 | $ - | $ - | $ - |
| Laundry/Linen Service | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 |
| Pest Control Service | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 |
| Janitorial & Cleaning | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 |
| Chemical Supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Cable service | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 400.00 |
| Computer and Internet Expenses | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 |
| IT Support | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 |
| Telephone Expense | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 |
| Travel (fuel) | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 |
| Utilities | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Office Supplies | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 |
| Printing and Reproduction | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 |
| Other Expenses | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Expenses | $ 24,868.75 | $ 20,368.75 | $ 19,993.75 | $ 20,076.25 | $ 18,303.75 | $ 23,686.25 |
| Net Income | $ 131.25 | $ 4,631.25 | $ 5,006.25 | $ 5,923.75 | $ 4,696.25 | $ 5,696.25 |
| Ending Cash Balance | $ 28,277.37 | $ 32,908.62 | $ 37,914.87 | $ 43,838.62 | $ 48,534.87 | $ 54,231.12 |