**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BAJA RIVER EAST, LLC, | ) | Case No. 15-21282 |
| d/b/a QUAY RESTAURANT, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**THIRD INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL;**
**(II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING**
**FINAL HEARING; AND (IV) GRANTING RELATED RELIEF**

Upon the Motion of Baja River East, LLC, d/b/a Quay Restaurant ("*Debtor*"), pursuant to

sections 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

"*Bankruptcy Code*"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the

"*Bankruptcy Rules*") requesting entry of interim and final orders (i) authorizing the use of

Debtor's cash collateral, (ii) granting adequate protection to the Debtor's Secured Lenders,[1]

(iii) scheduling a final hearing, and (iv) granting other related relief as necessary, and the Court

having reviewed and considered the Motion, and an initial hearing to consider approval of the

Motion on an interim basis having been held on July 6, 2015 and concluded and the Court having

entered the *Interim Order (I) Authorizing Use of Cash Collateral; (II) Granting Adequate*

*Protection; (III) Scheduling Final Hearing; And (IV) Granting Related Relief* [Docket No. 19] on

July 6, 2015; the second hearing to consider approval of the Motion on an interim basis having

been held on July 22, 2015 and concluded and the Court having entered the *Second Interim Order*

*(I) Authorizing Use of Cash Collateral; (II) Granting Adequate Protection; (III) Scheduling Final*

*Hearing; And (IV) Granting Related Relief* [Docket No. 47] on July 22, 2015; in accordance with

---

[1]     Unless otherwise indicated, capitalized terms used herein have the meanings ascribed to them in the Motion.

section 363 of the Bankruptcy Code and Bankruptcy Rule 4001, and upon all of the pleadings filed

with the Court, and after due deliberation and consideration and good and sufficient cause

appearing therefor, **THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

        A.      Petition Date.  On June 19, 2015 (the "*Petition Date*"), the Debtor filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in

the management and possession of its business and properties as debtor-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.

        B.      Committee.  As of the date hereof, no request has been made for the

appointment of a trustee or examiner and no statutory committee of unsecured creditors (if formed,

the "*Committee*") has been appointed in this chapter 11 case (the "*Chapter 11 Case*").

        C.      Jurisdiction; Core Proceeding; Venue.  This Court has jurisdiction over the

Chapter 11 Case, this proceeding, and the parties and property affected hereby pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

        D.      Notice.  The Court concludes that notice of the Third Interim Hearing was

sufficient and adequate under the circumstances set forth herein and presented to this Court, and

complies with the provisions of sections 361 and 363 of the Bankruptcy Code and Bankruptcy

Rule 4001, and any other applicable law, and no other further notice prior to entry of the Third

Interim Order is necessary or required.

        E.      Cash Collateral.  The Secured Lenders' "cash collateral," as that term is

defined by section 363(a) of the Bankruptcy Code, shall include any and all pre-petition cash in

which the respective Secured Lenders have a valid security interest, and subject to section 552 of

the Bankruptcy Code, all proceeds (collectively, the "*Cash Collateral*").

F.      Cause Shown.  Debtor has represented to the Court that:

(a)      The Debtor has an immediate and critical need to use the Cash Collateral to continue to operate its business and effectuate a reorganization of its business. Among other things, entry of this Third Interim Order will avoid immediate and irreparable harm to the Debtor and its estate that would otherwise result if the Debtor was prevented from using the Cash Collateral on an interim basis, and is in the best interests of the Debtor, its creditors and its estate, and all parties in interest in the Chapter 11 Case.

(b)      The ability of the Debtor to have sufficient available sources of working capital to continue its businesses, to attempt to effectuate a reorganization of its business, and to attempt to maximize the value of its assets depends upon the Debtor's use of Cash Collateral.

(c)      The immediate entry of this Third Interim Order is necessary to avoid immediate and irreparable harm to the Debtor and its estate.  The terms of the Debtor's use of the Cash Collateral (i) are fair and reasonable; (ii) reflect the Debtor's prudent exercise of business judgment consistent with its fiduciary duties; (iii) provide adequate protection to the Secured Lenders pursuant to sections 361 and 363 of the Bankruptcy Code; and (iv) are necessary, essential and appropriate for the continued operation and management of the Debtor's businesses and the preservation of its assets and properties.

G.      Factual Findings and Conclusions of Law.  All findings of fact and conclusions of law are made for the purposes of this Third Interim Order only and shall have no preclusive effect in any other contested matter or adversary proceeding before this Court or litigation in another court of competent jurisdiction.  For the avoidance of doubt, none of the

4829-4260-6373, v.  1

findings will be binding on any statutory committee appointed in this case, the Office of the United

States Trustee, or any Chapter 7 or Chapter 11 Trustee that may be appointed.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Authorization to Use Cash Collateral.  The Debtor is hereby authorized to

use the Cash Collateral pursuant to the Third Interim Budget attached hereto as Exhibit A, solely

as provided in this Third Interim Order and the Third Interim Budget.  From and after the Petition

Date, other than as specifically ordered by the Court or authorized by the Secured Lenders,

proceeds of the Secured Lenders' pre-petition collateral shall not, directly or indirectly, be used to

pay expenses of the Debtor except pursuant to the Third Interim Budget or, to the extent entered,

the Final Budget.  The Debtor shall be allowed a 15% cumulative variance, such that if actual

expenses exceed the amounts set forth in the budget by up to 15% (measured in the aggregate), the

Debtor may pay such expenses without further order of the Court or authorization.

2.      Adequate Protection.

(a)      Proceeds of Pre-Petition Collateral.  To the extent provided by

section 552 of the Bankruptcy Code, all proceeds, products, offspring, or profits of each of the

Secured Lenders' pre-petition collateral, including, without limitation, proceeds, products,

offspring, or profits of such collateral acquired by the Debtor's estate after the Petition Date, shall

be subject to such Secured Lender's liens, and shall also be subject to the Adequate Protection

Liens.

(b)      Replacement and Additional Liens.  In addition to all existing

security interests and liens granted to the Secured Lenders in and to their respective collateral, as

further adequate protection for the Debtor's use of Cash Collateral on the terms and conditions of

this Third Interim Order, but only to secure an amount equal to the Collateral Diminution (as

hereinafter defined),  the Debtor hereby grants to each Secured Lender:  pursuant to sections

361(2) and 363(e) of the Code, automatically and retroactively effective as of the Petition Date,

valid, binding, and properly perfected post-petition security interests and replacement additional

liens on the collateral in which the Secured Lender had a perfected security interest as of the

Petition Date, (the "*Adequate Protection Liens*").  As used in this Third Interim Order, the

Collateral Diminution shall have the following meaning:

> (i)   "Collateral Diminution" shall mean an amount equal to the
> aggregate diminution of the value of such Secured Lender's interest in the
> Collateral from and after the Petition Date for any reason including, without
> limitation, depreciation, sale, loss, or use of the Collateral, including Cash
> Collateral, whether in accordance with the terms and conditions of this
> Third Interim Order or otherwise.

3.    Perfection of Liens.  All liens on and security interests granted to the

Secured Lenders by this Third Interim Order shall be, and they hereby are, deemed duly perfected

and recorded under all applicable federal or state or other laws as of the date hereof, and no notice

or other act, shall be required to effect such perfection.

4.    Priority of Liens.  The Adequate Protection Liens shall be a first priority

security interest and lien against the collateral they are granted upon that, on or as of the Petition

Date, is not subject to valid, perfected, and non-avoidable liens and a junior security interest and

lien against all of the Collateral of the Debtors that, on or as of the Petition Date, is subject to valid,

perfected, and non-avoidable liens.

5.    Valid and Binding.  This Third Interim Order shall constitute valid and

binding obligations of the Debtor, enforceable against the Debtor and its estate in accordance with

their terms.

6.    No Waiver.  The rights and obligations of the Debtor and the rights, claims,

liens, security interests and priorities of Secured Lenders arising under this Third Interim Order are

4829-4260-6373, v. 1

in addition to, and not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests, and priorities that may have been granted by the Debtors to the Secured Lenders prior to the Petition Date.

7.      Effect of Modification of Order.  The Debtor may seek to modify, vacate, or amend this Third Interim Order upon two (2) business days' notice via electronic mail and/or facsimile to the Secured Lenders.  If any of the provisions of this Third Interim Order are hereafter modified, vacated, or stayed by subsequent order of this or any other Court, such stay, modification or vacatur shall not affect the validity of any pre-petition obligations outstanding immediately prior to the effective time of such stay, modification or vacation, or the validity and enforceability of any lien, priority, right, privilege or benefit authorized hereby with respect to any such pre-petition obligations.

8.      No Third Party Rights.  Except as explicitly provided for herein, this Third Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any other direct, indirect or incidental beneficiary.

9.      Jurisdiction.  The Court has and will retain jurisdiction to enforce this Third Interim Order according to its terms.

10.     Order Effective.  This Third Interim Order shall be effective as of the date of signature by the Court.

11.     Service of Third Interim Order and Proposed Final Budget.  The Debtor is ordered to serve a copy of the signed Third Interim Order, along with a copy of the proposed Final Budget, by first class mail upon the Secured Lenders, the United States Trustee, the Debtor's twenty (20) largest creditors, and any party having filed a request to receive service in this Chapter

4829-4260-6373, v. 1

11 Case.  Notice of these same parties shall be required for the Final Hearing and such notice shall be sufficient.

12.    <u>Final Hearing</u>.  A final hearing on the Motion will take place on October 13, 2015 at 10:00 a.m. at the United States Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois 60604.

4829-4260-6373, v.  1

**EXHIBIT A**

**Baja River East, LLC Cash Collateral Budget**

| | 7/27-8/2 | 8/3-8/9 | 8/10-8/16 | 8/17-8/23 | 8/24-8/30 | 8/31-9/6 | 9/7-9/13 | 9/14-9/20 | 9/21-9/27 | 9/28-10/4 | 10/5-10/11 | 10/12-10/18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | $ 28,277.37 | $ 32,908.62 | $ 37,914.87 | $ 43,838.62 | $ 48,534.87 | $ 48,848.62 | $ 52,662.37 | $ 56,616.12 | $ 61,694.87 | $ 65,131.12 | 63,774.87 | 67,093.62 |
| | | | | | | | | | | | | |
| ***INCOME*** | | | | | | | | | | | | |
| **Operating Income (Gross Receipts)** | 25000 | 25000 | 26000 | 23000 | 24000 | 24000 | 22000 | 22000 | 21000 | 20000 | 20000 | 21000 |
| | | | | | | | | | | | | |
| **Total Income** | $ 25,000.00 | $ 25,000.00 | $ 26,000.00 | $ 23,000.00 | $ 24,000.00 | $ 24,000.00 | $ 22,000.00 | $ 22,000.00 | $ 21,000.00 | $ 20,000.00 | 20,000.00 | 21,000.00 |
| | | | | | | | | | | | | |
| ***EXPENSES*** | | | | | | | | | | | | |
| **Advertising** | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | 200.00 | 200.00 |
| **Bank Charges** | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | 100.00 | 100.00 |
| **CC Processing Fees** | $ 600.00 | $ 600.00 | $ 700.00 | $ 550.00 | $ 550.00 | $ 550.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 | 500.00 |
| **Liability Insurance Expense** | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | $ 670.75 | 670.75 | 670.75 |
| **Health Insurance** | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 | 130.50 | 130.50 |
| **Licenses & Permits** | $ - | $ - | $ - | $ - | $ - | | | | | | | |
| **Payroll-Related Expenses** | $ 7,000.00 | $ 7,000.00 | $ 7,000.00 | $ 6,000.00 | $ 6,000.00 | $ 6,000.00 | $ 6,000.00 | $ 5,000.00 | $ 5,500.00 | $ 5,500.00 | 5,500.00 | 5,500.00 |
| **Music and Entertainment** | $ 500.00 | $ - | $ - | $ - | $ - | $ 500.00 | $ - | $ - | $ 500.00 | $ - | - | - |
| **Professional Fees** | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - | - |
| **Rent** | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - | - |
| **Bank Note** | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - | - |
| **Repairs and Maintenance** | $ 300.00 | $ - | $ 300.00 | $ - | $ - | $ 300.00 | $ - | $ - | $ 300.00 | $ - | - | 300.00 |
| **Security** | $ - | $ 300.00 | $ - | $ - | $ - | $ 300.00 | $ - | $ - | $ 300.00 | $ - | - | 300.00 |
| **Inventory Purchases** | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 3,500.00 | $ 3,500.00 | $ 3,200.00 | $ 3,200.00 | 3,200.00 | 3,200.00 |
| **Dry Goods/Supplies** | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 150.00 | $ 150.00 | 150.00 | 150.00 |
| **Taxes** | $ 2,687.50 | $ 2,687.50 | $ 2,795.00 | $ 2,472.50 | $ 2,580.00 | $ 2,580.00 | $ 2,365.00 | $ 2,365.00 | $ 2,257.50 | $ 2,150.00 | 2,150.00 | 2,257.50 |
| **Back Taxes** | $ - | $ - | $ - | $ - | $ 5,000.00 | $ - | $ - | $ - | $ - | $ 5,000.00 | | - |
| **Equipment Lease** | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | 200.00 | 200.00 |
| **Equipment Maintenance** | $ - | $ - | $ - | $ - | $ - | $ 400.00 | $ - | $ - | $ - | $ - | 200.00 | - |
| **Parking** | $ - | $ 125.00 | $ - | $ - | $ - | $ - | $ 125.00 | $ - | $ - | $ - | 125.00 | - |
| **Laundry/Linen Service** | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | $ 225.00 | 225.00 | 225.00 |
| **Pest Control Service** | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | $ 45.00 | 45.00 | 45.00 |
| **Janitorial & Cleaning** | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | 250.00 | 250.00 |
| **Chemical Supplies** | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | 150.00 | 150.00 |
| **Cable service** | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | 400.00 | 400.00 |
| **Computer and Internet Expenses** | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | 100.00 | 100.00 |
| **IT Support** | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | 100.00 | 100.00 |
| **Telephone Expense** | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | $ 125.00 | 125.00 | 125.00 |
| **Travel (fuel)** | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | 100.00 | 100.00 |
| **Utilities** | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | 1,000.00 | 1,000.00 |
| **Office Supplies** | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | $ 10.00 | 10.00 | 10.00 |
| **Printing and Reproduction** | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | 50.00 | 50.00 |
| **Other Expenses** | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,000.00 | $ 1,000.00 | 1,000.00 | 1,000.00 |
| | | | | | | | | | | | | |
| **Total Expenses** | $ 20,368.75 | $ 19,993.75 | $ 20,076.25 | $ 18,303.75 | $ 23,686.25 | $ 20,186.25 | $ 18,046.25 | $ 16,921.25 | $ 17,563.75 | $ 21,356.25 | 16,681.25 | 17,063.75 |
| | | | | | | | | | | | | |
| **Net Income** | $ 4,631.25 | $ 5,006.25 | $ 5,923.75 | $ 4,696.25 | $ 313.75 | $ 3,813.75 | $ 3,953.75 | $ 5,078.75 | $ 3,436.25 | $ (1,356.25) | 3,318.75 | 3,936.25 |
| | | | | | | | | | | | | |
| **Ending Cash Balance** | $ 32,908.62 | $ 37,914.87 | $ 43,838.62 | $ 48,534.87 | $ 48,848.62 | $ 52,662.37 | $ 56,616.12 | $ 61,694.87 | $ 65,131.12 | $ 63,774.87 | 67,093.62 | 71,029.87 |